# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2350 | **DATE** | 10/21/2004 |
| **CASE TITLE** | Hartford Insurance Co. vs. The Newark Group, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motions in Limine

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Defendant's Motions in Limine (D.E. 51 - 57) are granted in part and denied in part.

/s/ Mark Filip

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 2 2 2004 | |
| ✓ | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 66 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | courtroom deputy's initials | 2004 OCT 21 PM 5: 15 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARTFORD INSURANCE COMPANY,       )
                                  )
            Plaintiff,            )   No. 01 C 2350
                                  )   Judge Mark Filip
        v.                        )
                                  )   DOCKETED
THE NEWARK GROUP, INC.            )   OCT 2 2 2004
(improperly named and sued as BCI Covers, Inc.), )
                                  )
            Defendant.            )

Memorandum Opinion and Order Concerning Defendant's Motions in Limine

Defendant, The Newark Group, Inc. ("Defendant" or "Newark") has filed various motions in limine. This opinion addresses all of them, as explained further below.

1. Request To Bar Evidence Or Argument That Plaintiff Is Entitled To Any Damages That Exceed The Amount Paid To Worzalla By Plaintiff

Newark's Motion in Limine No. 1 (D.E. 51)[1] identifies an issue of law with potentially serious effect on this case: whether Hartford Insurance Co. ("Plaintiff" or "Hartford Insurance") is limited in its subrogation claim to damages in the amount paid to its insured, Worzalla Publishing. If answered in the affirmative, Newark's potential liability could drop significantly. (Newark contends that Hartford paid out $51,006 to Worzalla (*see* D.E. 58, Ex. B-3 ¶ 33), but Hartford is seeking substantially more in damages, likely close to $107,000.) Unfortunately for the parties and this Court, neither party has briefed this question with serious attention to precedent. Newark points to one Illinois case for the basic proposition of law that an insurance

---

[1] The various docket entries in this case will be referred to as "D.E. ___."

1



company subrogates to the claims of its insured. (D.E. 51 at 2 (citing *The Home Insurance Co. v. The Hertz Corp.*, 375 N.E.2d 115 (Ill. 1978).) Newark provides no further authority for its prior and subsequent statements of law as to any limitations of recovery by an insurer/subrogee. Hartford Insurance's response is similarly unhelpful in leading the Court to any authority necessary to make its decision.

Hartford Insurance relies on three arguments in opposition to the Motion, none of which apprises the Court of any law relevant to the question before it. Hartford Insurance first argues that the Motion is unfounded because the parties have agreed that an issue of law to be decided in the case is:

> 18. Whether or not the Plaintiff is entitled to consequential damages, including cost of reproducing books, manufactured with Defendant's cover board material, and the loss of business revenue due to loss of business interruption. (D.E. 50, Ex. B-1(a) ¶ 18.)

Its theory is that because Newark has agreed that the extent of damages is an issue, Newark cannot seek to limit any evidence of damages. But Hartford Insurance apparently overlooks another agreed issue:

> 11. Whether any damages to which Plaintiff, HARTFORD INSURANCE COMPANY, may be entitled are limited to the amount it paid to Worzalla pursuant to its policy of insurance. (D.E. 50, Ex. B-1(a) ¶ 11.)

Thus, to the extent that Hartford Insurance argues that Newark is estopped by judicial admission in the pre-trial order from arguing that damages are limited to the amount paid under the policy, the Court rejects that argument.

Next, Hartford Insurance apparently contends that a judicial admission in the summary judgment papers estops Newark from arguing that Worzalla is not a party to the suit seeking recovery. Hartford Insurance cites to Newark's Statement of Material Facts in its summary

2

judgment motion where it averred that "[t]his matter is a subrogation claim wherein Plaintiff/Subrogee, Hartford Insurance Company, and its Subrogor, Worzalla Publishing . . . assert claims seeking damages." (D.E. 33 ¶ 3.) But this statement does not appear to be able to bear the weight that Hartford Insurance would ascribe to it, because in its own response to that statement, Hartford Insurance expressly distinguished between the "subrogation claim brought by Plaintiff's Subrogee, Hartford Insurance Company," and additional potential damages—namely, "the recovery of lost revenue on the part of Worzalla Publishing Company, that was not covered by insurance." (D.E. 38 at 2.) Furthermore, judicial estoppel is irrelevant because, as Newark explains in its reply, the issue of whether Hartford Insurance, the Plaintiff/Subrogee, and Worzalla, its Subrogor, assert claims seeking damages is not related to the issue of whether Hartford Insurance, as Plaintiff, is limited in the amount of damages it can recover to the amounts it actually paid under an insurance policy. (Newark further argues that damages are limited to the price paid for the books, and the Court need not resolve this issue at this time.)

Finally, Hartford Insurance appears to suggest that its omission of Worzalla from the complaint is merely a technical defect, such that Worzalla should perhaps be added as a party at this stage of the litigation. To the extent Hartford Insurance makes this suggestion, it does so without any citation of authority or serious treatment of the issue, and the Court declines to read Hartford Insurance's response to a motion in limine as a sub silentio motion to amend its complaint on the eve of trial and after summary judgment was ruled upon. To the extent, however, that Hartford Insurance should ever file such a motion, the Court notes that Newark's reply makes what appears to be a rather persuasive argument that any claim by Worzalla against Newark would be barred by the statute of limitations.

3

The Court denies Newark's Motion in Limine No. 1 without prejudice to revisiting this important damages-limitation question at a later date if Hartford Insurance prevails in its cause. If the issues become germane, the parties (and Hartford Insurance, in particular) should be prepared to address them with substantially more seriousness than the treatment given in the motion in limine papers.

2.  Request To Bar Testimony Of Kevin M. McCarthy

Newark's Motion in Limine No. 2 (D.E. 52) asks the Court to bar the testimony of Kevin M. McCarthy, a purported expert in accounting whom Hartford Insurance has identified as a witness. Newark has made a motion to exclude McCarthy under the standards of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Newark argues that McCarthy's testimony (as evidenced by his deposition testimony) does not pass muster under Federal Rule of Evidence 702 because "simple calculation of the sum total of numbers provided to him by Worzalla does not constitute a theory or technique involving scientific knowledge." (D.E. 51 at 3.) Hartford Insurance counters that McCarthy's methodology involved reviewing "job cost sheets" of Worzalla to determine whether reproduction costs were reasonable, followed by determining lost profits based on business interruption issues. (D.E. 58 at 4.) Hartford Insurance contends that this methodology is based upon accepted accounting principles. (*Id.*) Neither party has referred the Court to any authority in support of their positions beyond *Daubert* itself.

The briefing by both parties on the question of McCarthy's qualifications as an expert witness is too abbreviated for any serious treatment of a *Daubert* challenge. Newark incorrectly asserts that an expert's testimony must pertain to "scientific knowledge" to meet a standard of

4

evidentiary reliability. (D.E. 51 at 3.) *See, e.g., Tuf Racing Products, Inc. v. American Suzuki Motor Corp.*, 223 F.3d 585, 591 (7th Cir. 2000) (holding that the Federal Rules of Evidence, which *Daubert* interprets, do not require that the testimony of expert witnesses "be 'scientific' (natural scientific or social scientific) in character"). Moreover, Newark appears repeatedly to contend that McCarthy's testimony may not qualify under Federal Rule of Evidence 702 because his work "involved no specialized accounting knowledge, and, to the extent it involved any calculations at all, involved nothing more than simple addition calculation which court [sic] can perform for itself if it feels such is necessary." (D.E. 63 at 3-4.) But even if McCarthy's testimony is not admissible under Rule 702, it may be admissible as summary-witness-testimony under Federal Rule of Evidence 1006. *See generally United States v. Swanquist*, 161 F.3d 1064, 1072-1073 (7th Cir. 1998).

Because McCarthy's testimony is relevant only to the question of damages, the Court will defer the issue of his qualification as an expert to such time, if any, as Hartford Insurance prevails on the merits. Thus, Newark's Motion in Limine No. 2 is denied without prejudice. If determining McCarthy's competence to testify becomes necessary, both parties should be aware that they will need to identify the salient issues before the Court and must be prepared to discuss relevant authority. Moreover, Hartford Insurance will bear the burden of establishing the admissibility of McCarthy's testimony under *Daubert* and subsequent authority. *See, e.g., Daubert*, 509 U.S. at 592 n.10; *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003); *Zenith Electronics Corp. v. WH-TV Broadcasting*, No. 01 C 4366, 2003 WL 21506808, at *1 (N.D. Ill. June 27, 2003), *reversed, in unrelated part, on reconsideration by* 2003 WL 21911068 (N.D. Ill. Aug. 7, 2003).

3. **Request To Bar Testimony Of Cedric Burroughs Or Any Other Witness Concerning Worzalla Having Received From BCI A Facsimile Of The Front Side Only Of BCI's Acknowledgment Form**

Newark's Motion in Limine No. 3 (D.E. 53) asks this Court to bar the testimony of Cedric Burroughs or any other witness concerning whether Worzalla received from BCI a fax of the front side of BCI's acknowledgment form. Newark makes three arguments to support its motion but fails to provide the Court with any legal authority to support them. First, Newark argues that neither Cedric Burroughs nor Luann Friday has personal knowledge of the transaction between Worzalla and BCI for the purchase at issue. Second, Newark points out that Friday was never identified in Plaintiff's answers to interrogatories as a witness whom it would call at trial. Third, Newark notes that Hartford Insurance has never produced a copy of the acknowledgment form received by fax. Hartford Insurance responds (*see* D.E. 58 at 5-6) that when a document has been lost (which apparently is Hartford Insurance's position regarding the fax), secondary evidence of the contents of the document may be presented. *See* Fed. R. Evid. 1004. Hartford Insurance contends that Burroughs will testify to the document but does not respond to Newark's argument that Friday should not be allowed to testify for failure to identify her as a witness. Finally, Hartford Insurance argues that the Court ruled on summary judgment (*see* D.E. 46) that the truthfulness of "Plaintiff's Affidavit" (presumably referring to Burroughs's and Friday's affidavits, although Hartford Insurance never makes this clear) is a factual issue to be determined at trial.

The Court agrees with Hartford Insurance that whether Worzalla received a fax acknowledgment from BCI is a question of fact to be determined at trial, and the Court will not preclude testimony regarding the fax at this time. (The Court makes no conclusions about

6

whether such testimony will be able to *prove* the point Hartford Insurance is attempting to establish.) If Burroughs testifies, as Hartford Insurance contends he will (*see* D.E. 58 at 6), that the fax existed but was lost or destroyed, Hartford Insurance may offer secondary evidence as to the contents of the fax. *See* Fed. R. Evid 1004. Whether Burroughs lacks knowledge sufficient to prove the existence of the fax and/or its contents is a question of "the weight, not the admissibility, of this secondary evidence." *United States v. McGaughey*, 977 F.2d 1067, 1072 (7th Cir. 1993). Thus, Newark's Motion in Limine No. 3 is denied. Again, Newark's argument that the testimony ultimately will not bear the weight Hartford Insurance would attempt to ascribe to it, or that the testimony, upon full presentation, will lack sufficient foundation to credibly establish matters at issue, are not issues that the Court needs to resolve before even hearing the putative testimony.

Newark's argument that Friday should not be allowed to testify because she was not listed as a witness during discovery is addressed by the Court, *infra*, regarding Motion in Limine No. 5, which grants Newark's motion to exclude her testimony.

4. Request To Bar Testimony Of Cedric Burroughs Or Any Other Witness Concerning Worzalla Having Sent To BCI A Written Purchase Order Relating To Worzalla Purchase Order 71479

Newark's Motion in Limine No. 4 (D.E. 54) asks this Court to bar any evidence or testimony related to the theory that after Worzalla placed a telephone order to BCI for the cover board material on January 11, 1999, Worzalla sent to BCI a copy of a written Worzalla purchase order. Hartford Insurance admits that the purchase order was never sent to Newark, and has no objection to Newark's motion. (*See* D.E. 58 at 6.) Thus, Newark's Motion in Limine No. 4 is

granted without opposition.

5.  Request To Bar Testimony Of Any Witness Not Previously Disclosed By Hartford Insurance As A Potential Trial Witness

Newark's Motion in Limine No. 5 (D.E. 55) asks this Court to bar the testimony of and any reference to any person not previously disclosed by Hartford Insurance as a potential trial witness. Hartford Insurance does not object to this motion with the exception of reserving the right to call a rebuttal witness not previously disclosed.[2] (*See* D.E. 58 at 6-7.) Thus, this Court addresses only whether the witnesses listed in the Final Pre-Trial Order (D.E. 50) but not disclosed during discovery may be called for rebuttal. As is all too frequently the case with the motions in limine, neither party has offered any relevant authority in support of its assertions.

Federal Rule of Civil Procedure 37(c)(1) states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

The failure to disclose the witnesses must be unjustified and harmful in order to warrant exclusion of the evidence. *See, e.g., Weiland v. Linear Const., Ltd.*, 2002 WL 31307622, at *2 (N.D. Ill. October 15, 2002). The Court may, in its discretion, exclude witnesses for failure to disclose as long as there is a reasonable basis for its findings that the failure to disclose was not

---

[2] Newark specifically objects to the testimony of Jeff Jacques and Luann Friday. (D.E. 50, Ex. D "Defendant's Objections to Plaintiff's Trial Witnesses" ¶¶ 5,13.) Newark also objects to a third witness, Linda Wierzba (*id.* ¶ 14), but Wierzba has not been listed as one of Plaintiff's potential witnesses in the Final Pre-Trial Order. (*See* D.E. 50, Ex. D "Plaintiff's Trial Witnesses" (ending at ¶ 13 with Luann Friday).) The Court grants Newark's Motion in Limine No. 5 with respect to Wierzba. *See Braun v. Lorillard, Inc.*, 84 F.3d 230, 236 (7th Cir. 1996) (affirming district court's exclusion of witness in case in chief and rebuttal where he was not disclosed in the final pre-trial order).

8

harmless and lacked substantial justification. *See Musser v. Gentiva Health Services*, 356 F.3d 751, 755 (7th Cir. 2004). Here, Hartford Insurance has offered no justification, let alone a substantial one, for its failure to identify Luann Friday or Jeff Jacques as potential witnesses prior to the Final Pre-Trial Order. Thus, their testimony may be excluded unless the failure to disclose was harmless.

Hartford Insurance has indicated that it intends to call Jacques only to rebut any attempt by Newark to discredit Nancy Plowman's purported expert testimony based on her reliance on testing done by Jacques. (*See* D.E. 58 at 6-7.) Hartford Insurance's argument appears to demonstrate that Newark is aware (and, more important, was aware during discovery) of Jacques's existence and his role in the testing performed by Plowman for Worzalla. (*See id.*) If his identity was made known to Newark during discovery, and Newark declined to depose him, Hartford Insurance's failure to amend its Rule 26 disclosures to include Jacques was not unfairly harmful. *See Weiland*, 2002 WL 31307622, at *2. Thus, Newark's Motion in Limine No. 5 is denied with respect to Jacques, who may testify in rebuttal. The Court cautions Hartford Insurance, however, that any attempt to present evidence through Jacques in rebuttal that belongs in its case in chief will not be tolerated. *See Wilson v. AM General Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999) (affirming district judges exclusion of proposed rebuttal testimony because (1) party should have known before trial that the individuals could testify, and (2) the proposed testimony was part of party's case in chief and not proper rebuttal evidence).

Hartford Insurance has not indicated for what purpose it intends to call Friday, an employee of Worzalla. Attached to Newark's Motion in Limine No. 3, however, is an affidavit by Friday that indicates that she would testify that "[in] this case the acceptance for [the purchase

9

order at issue] came by way of the facsimile transmission of the front side of BCI's acknowledgment form." (D.E. 53, Ex. B ¶ 5.) The Court has no evidence before it on this Motion (and will not attempt to scour the record for such evidence after Hartford Insurance has failed to address the issue in its brief) that Hartford Insurance advised or alerted Newark in any way that Friday has relevant information or somehow could be called to testify about the existence of the fax until well after the close of discovery.[3] Given that the existence of the fax is one of the factual issues on which the outcome of this case turns, the Court finds that Hartford Insurance's failure to disclose Friday as a witness before the Final Pre-Trial Order is not harmless. Newark should have had the opportunity to depose Friday during discovery on this important issue. Thus, Newark's Motion in Limine No. 5 is granted with respect to Friday.

6.  Request To Bar Evidence Or Argument That Newark Waived The Exclusive Remedy Provision Contained In BCI's Acknowledgment Form At Any Time After February 24, 1999, The Date On Which Worzalla Re-manufactured The Books That Hartford Insurance Alleges Were Defective

Newark's Motion in Limine No. 6 (D.E. 56) asks this Court to exclude any evidence or argument that Newark waived the exclusive remedy provision after February 24, 1999, the date on which Worzalla re-manufactured the books that Hartford Insurance alleges were defective. Newark cites *Central Illinois Public Service Co. v. Atlas Minerals, Inc.*, 965 F. Supp. 1162 (C.D. Ill. 1997), for the proposition of Illinois law that any waiver of contractual terms must have induced reliance or be clearly inferable from the circumstances. Newark's apparent theory is that

---

[3] Friday's affidavit attached to Defendant's motion appears to be the same affidavit attached to Plaintiff's Response to Defendant's Statement of Material Facts on summary judgment. (*See* D.E. 38, Ex. B.)

10

its action cannot have induced any reliance after the date that the damages occurred. Thus, Newark argues that any actions taken after the date of the re-manufacture cannot be evidence of waiver. Hartford Insurance asserts that the Court has already ruled on summary judgment (*see* D.E. 46) that there is a question of fact as to whether Worzalla was induced to spend time and money on tests because it believed that Newark was willing to give more than the simple refund contained in its acknowledgment form. (*See* D.E. 58 at 8.) Additionally, Hartford Insurance argues that whether Worzalla had already spent time and money re-manufacturing books is not material to whether Newark intentionally relinquished a known right. (*Id.*)

"Waiver is the express or implied voluntary and intentional relinquishment of a known and existing right." *Wolfram P'ship, Ltd. v. LaSalle Nat'l Bank*, 765 N.E.2d 1012, 1025 (Ill. App. 2001) (collecting cases). A party to a contract may waive a provision contained in the contract for its benefit, and the waiver may be established by conduct that indicates that the party will not require strict compliance with the provision. *See id.* at 1025-26. "An implied waiver may arise when conduct of the person against whom waiver is asserted is inconsistent with any other intention than to waive it." *Wolfram P'Ship*, 765 N.E.2d at 1026.

Importantly, Illinois courts have explained that the concept of implied waiver has been based on both waiver and estoppel. *See id.*; *Lavelle v. Dominick's Finer Foods, Inc.*, 592 N.E.2d 287, 291-92 (Ill. App. 1992). Thus, implied waiver may be found where "(1) an unexpressed intention to waive can be clearly inferred from the circumstances or (2) the conduct of the waiving party has misled the other party into a reasonable belief that a waiver has occurred." *Wolfram P'ship*, 765 N.E.2d at 1026; *see also Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.*, 654 N.E.2d 1109, 1118 (Ill. App. 1995) (the "doctrine of

estoppel refers to the effect of a party's voluntary conduct which precludes it from asserting rights which might otherwise have existed against another person who has detrimentally relied upon such conduct."); *Lavelle*, 592 N.E.2d at 292 (with respect to estoppel, "the conduct of one party must have misled another into acting on a reasonable belief that a waiver has occurred").

To the extent Hartford Insurance would seek to rely on concepts of estoppel, the notions of detrimental reliance related to estoppel under Illinois law would cast substantial doubt (and perhaps conclusive doubt) on whether any actions of the allegedly estopped party that post-date the alleged acts taken in detrimental reliance by the alleged beneficiary of estoppel could be probative or germane. However, Newark has pointed the Court to no authority establishing the proposition that such evidence would be per se irrelevant to the question of whether an allegedly estopped party took actions that are "inconsistent with any other intention than" to waive its rights. *Wolfram P'Ship*, 765 N.E.2d at 1026. Accordingly, the Court denies the motion without prejudice. Hartford Insurance should be forewarned, however, that such evidence bears no apparent nexus to the analysis under concepts of detrimental reliance, and the Court will, in the absence of authority to the contrary, not consider such evidence, i.e. evidence of any acts of the allegedly estopped party that post-date acts allegedly taken in detrimental reliance on the acts of the estopped party by the beneficiary of the estoppel. Newark's Motion in Limine No. 6 is denied without prejudice.

7. Request To Bar Evidence Or Argument Concerning The Evaluation By Any Customer Of Worzalla, Including Harper Collins, Of The Books Manufactured By Worzalla With BCI's Cover Board Material

Newark's Motion in Limine No. 7 (D.E. 57) asks this Court to bar any evidence of or

12

testimony about the evaluation by any customer of Worzalla, including Harper Collins, of books manufactured with BCI's cover board material. To the extent that Hartford Insurance would offer any witness who has not been disclosed pursuant to Rule 26 or listed in the Final Pre-Trial Order, Newark's motion is granted. *See* Fed. R. Civ. Pro. 37(c)(1); *Braun v. Lorillard, Inc.*, 84 F.3d 230, 236 (7th Cir. 1996) (affirming district court's exclusion of witness in case in chief and rebuttal where he was not disclosed in Rule 26 disclosures or in the final pre-trial order).

Newark also argues that any reference to evaluations made by employees of Harper Collins would be hearsay. (D.E. 57 at 2.) Hartford Insurance responds that it (apparently) has "information contained in the business records of Worzalla regarding communications from Harper Collins" that "can come in by way of documentary evidence rather than oral testimony." (D.E. 58 at 8.) The Court is loathe to decide an evidentiary question offered in such abstract terms, and denies without prejudice Newark's Motion No. 7 as it relates to any documentary evidence.

The Court notes, however, that if the evidence offered is written communication from Harper Collins to Worzalla, the fact that it is contained in the business records of Worzalla will not save it from a hearsay objection. Rule 803(6) excludes from hearsay any

> memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation.

Fed. R. Evid. 803(6). If Worzalla merely has been keeping in its records copies (or originals) of correspondence sent to it by Harper Collins, it has not *made* any record that triggers the exception. Moreover, any reports or records made from conversations or correspondence with

13

Harper Collins that might have been kept in the regular course of business still would not be admissible for the contents of those conversations or correspondence. *See* Fed. R. Evid. 805; *United States v. Vigneau*, 187 F.3d 70, 75 (7th Cir. 1999) ("[T]he business records exception does not embrace statements contained within a business record that were made by one who is not a part of the business if the embraced statements are offered for their truth."). As a result, while the Court reserves the right to revisit this issue in the context of any evidence actually offered, Hartford Insurance should be advised that it is unlikely that any such statements of Harper Collins or other customers will be permissible under the bar against hearsay testimony. So Ordered.

                                                  /s/ Mark Filip
                                                  Mark Filip
                                                  United States District Judge
                                                  Northern District of Illinois

Dated: 10-21-04